UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAYES, | Case No. 3:14-cv-0268-GPC-BLM |
| Plaintiff, | **ORDER:** |
| | **(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, (ECF NO. 2);** |
| v. | |
| | **(2) SUA SPONTE DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B);** |
| VONS RETAIL STORE, | |
| Defendant. | **(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL, (ECF NO. 3)** |

Plaintiff, proceeding pro se, has filed a complaint for disability discrimination, along with motions to proceed in forma pauperis and to appoint counsel. (ECF Nos. 1, 2, 3.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff declares he has been unemployed since June 2012 and that his current income consists only of $675 per month in disability or workers compensation funds. (ECF No. 2.) Plaintiff declares he has only $50 in a checking account and that his only other asset is a financed 2007 Toyota FJ Cruiser with an outstanding balance of $15,000. Based on this information, the Court finds Plaintiff has sufficiently demonstrated his inability to pay the required filing fee. Accordingly, the Court will grant Plaintiff's Motion for Leave to Proceed in Forma Pauperis.

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it "fail[s] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915 mandates that a court reviewing a complaint filed pursuant to the in forma pauperis provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures, Rule 4(c)(2). Lopez, 203 F.3d at 1127.

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Here, the body of Plaintiff's Complaint states, in its entirety, "Plaintiff alleges: Disability Discrimination." (ECF No. 1.) Attached to Plaintiff's Complaint is a "Charge of Discrimination" that Plaintiff apparently submitted to the U.S. Equal Employment Opportunity Commission (EEOC) and California's Department of Fair Employment and Housing. Also attached to Plaintiff's Complaint is a "Dismissal and Notice of Rights" from the EEOC, stating: "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." While the foregoing documents were attached to Plaintiff's Complaint, they were neither mentioned nor incorporated by reference into the body of Plaintiff's Complaint. The Court may still, however, consider these documents in determining whether Plaintiff has stated a claim. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

Plaintiff asserts in the "Charge of Discrimination" that he believes Defendant terminated his employment "due to [his] accident on June 20, 2012." Plaintiff alleges he "had a[n] accident [on] June 20, 2012, which [he] reported to the store supervisor Sun Chang on June 20, 2012 and [his] Union (BCTGM) on June 21, 2012 by mail to cover [his] Weingarten Rights." Plaintiff alleges Vons terminated his employment on June 27, 2012, "with a reason being [that he] failed [his] probationary period." Plaintiff then goes on to describe how Defendant violated Plaintiff's Weingarten Rights by questioning Plaintiff about his accident without a union representative present despite Plaintiff's request that such a representative be present.

While Plaintiff alleges "disability discrimination," nowhere does Plaintiff assert which anti-disability discrimination law Defendant allegedly violated. Indeed, the few assertions contained in the "Charge of Discrimination" attached to Plaintiff's Complaint refer to Plaintiff's Weingarten Rights. These rights, however, pertain to an employee's right to have a union representative present at an investigatory interview that the employee reasonably believes might result in disciplinary action. See NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975). Thus, Plaintiff has failed to state a claim

14cv0268

for disability discrimination because Plaintiff has failed to (1) identify which anti-disability discrimination law(s) forms the basis of his claims, and (2) plead sufficient facts demonstrating Plaintiff is entitled to relief under that law(s).  Accordingly, the Court will dismiss Plaintiff's Complaint.  The Court will, however, permit Plaintiff to file an amended complaint to overcome these deficiencies.

Because the Court dismisses Plaintiff's Complaint, the Court will deny as moot Plaintiff's Motion to Appoint Counsel at this time.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, (ECF No. 2), is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is granted leave to file an **AMENDED COMPLAINT**.  If Plaintiff wishes to file an amended complaint, he shall do so on or before **March 21, 2014**.  Plaintiff is advised that any amended complaint must be complete in itself, including any attachments, without reference to the original complaint.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff fails to file an amended complaint on or before March 21, 2014, this action shall remain dismissed without further order by the Court.

4. Plaintiff's Motion to Appoint Counsel, (ECF No. 3), is **DENIED AS MOOT**.

DATED:  February 19, 2014

HON. GONZALO P. CURIEL
United States District Judge

14cv0268